Circuit Court of Appeals, Fifth Circuit.

June 7, 1943.

## ENGINEERING SPECIALTIES CO., Inc., et al. v. BURGESS BATTERY CO.
### No. 228.

Circuit Court of Appeals, Second Circuit.

June 3, 1943.

William Roy Miller in pro. per. for appellant.

Joe H. Jones, Asst. U. S. Atty., of Dallas, Tex., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

See, also, 40 F.Supp. 1014.

Hoguet, Neary & Campbell, of New York City (Walter H. Free and John F. Neary, Jr., both of New York City, of counsel), for appellants.

Kenyon & Kenyon, of New York City (Theodore S. Kenyon and Frederick Bachman, both of New York City, and Tesch & Darbo and Howard H. Darbo, all of Chicago, Ill., of counsel), for appellee.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is a suit for infringement of claims 1 and 2 of U. S. Patent No. 1,898,608 to William A. Alexander. The invention relates to centrifugal separators in which gas, vapour or steam has a vortical or rotary motion, in a separating chamber and by the action of centrifugal force suspended impurities, whether liquid or solid, are thrown out to the sides of the chamber. The District Court dismissed the complaint on the ground that the claims were invalid in view of U. S. Patent No. 2,455 to Grimes dated February 12, 1842; U. S. Patent to Radley and Hunter No. 7,040, Reissue No. 293, dated January 16, 1855, and British Patent of 1928 No. 300,841, to William A. Alex-

288

ander. We have no doubt that the decision of the trial court was justified in view of the state of the art and should be affirmed.

The patented device is used as a spark arrester or dust catcher for the gases discharged from the exhaust pipes of both Diesel and ordinary engines. It is rare that the invention claimed in a patent has been so completely foreshadowed by the prior art as in the case before us. The earlier British Patent No. 300,841 issued to complainant, William Alexander, in 1928, only differed from the patent in suit in providing a chamber to catch sparks and dust which surrounded the device instead of providing a chamber placed on one side of the spark arrester. But the tests of spark arresters, which appear in the record, show that an arrester with an annular dust chamber, like the one described in the British patent to Alexander, has an efficiency substantially equal to that of the device described in the patent in suit. Moreover, Figure 1 of the British patent to Alexander shows a narrow dust chamber that is not annular but corresponds with the lateral dust receptacle of the patent in suit, and the patents to Grimes and to Radley and Hunter also show narrow dust chambers rather than an annular chamber surrounding the device.

The attempt to distinguish the prior art in order to give validity to the patent in suit is based on most technical reasoning and unsubstantial details of construction. The complainants' device, the arrester shown in the earlier British patent to Alexander, as well as that employed by the defendant, all involve the use of a vortical impulse having sufficient force to drive sparks or other impurities through holes or slots in the separating chamber into a socalled dust receptacle where they remain withdrawn from the discharge pipe of the engine. The principle involved in the employment of centrifugal force and the means of carrying it out were known nearly one hundred years ago. The steps taken by Alexander to further perfect the old spark arrester may have involved better designing but, in our opinion, did not require the ingenuity necessary to justify the granting of a patent. The slight structural modifications of the earlier Alexander British patent which appear in the later patent in suit issued to Alexander certainly required no more than the skill of a routine artisan who was familiar with the ordinary practices of his calling. The complainants' counsel have argued against the adequacy of the tests of the efficiency of the device described in the British patent to Alexander, of the device of the patent in suit and of the defendant's spark arrester. The objections were founded on theoretical and speculative arguments rather than upon physical demonstrations. If complainants counsel desired to present arguments of convincing weight they should have met the tests furnished on behalf of the defendant by tests made with more accurate models and more in conformity with their own contentions.

We think the patent was properly held void for lack of invention and accordingly the decree below is affirmed.